Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-0680
Facsimile : (510)814-0650

Attorneys for plaintiff
    Cinda Kroll

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CINDA KROLL,

        Plaintiff,
vs.

KAISER FOUNDATION HEALTH PLAN
LONG TERM DISABILITY PLAN AND
METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendants.
_____/

No. CV 11 3863

COMPLAINT FOR
ERISA BENEFITS AND FOR
INTEREST DUE

Comes now Cinda Kroll alleging of defendants as follows:

### Jurisdiction

1. This suit seeks review of a failure to extend benefits under a long term disability plan covered by ERISA, 28 U.S.C. 1132. Federal jurisdiction arises under 28 U.S.C. 1132(f).

### First Claim for Relief - ERISA Benefits

**Complaint**        1

2. Ms. Kroll is a beneficiary of Kaiser Foundation Health Plan Long Term Disability Plan which resides within this judicial district. The plan is covered by the Employee Retirement Income Security Act of 1974.

3. Defendant Metropolitan Life Insurance Company is an insurer which acts as the claims administrator for the plan and is responsible (1) for determining the claim in issue and (2) paying it.

4. Ms. Kroll became disabled on February 7, 2006, during her employment with Kaiser Foundation and while covered under the plan which provides for payment in the event of disability.

5. Ms. Kroll applied for long term disability benefits under the plan and her claim was denied on January 5, 2007.

6. Ms. Kroll appealed that denial, and the appeal was denied on June 18, 2008.

7. Ms. Kroll brought suit and judgment was entered in her favor on May 13, 2011 for benefits due during the "own occupation" period of disability. The Court remanded the case to the Plan for a determination of "any occupation" benefits, for the time period commencing August 7, 2008 and continuing to date. Through her counsel, Ms. Kroll inquired of the Plan on April 4, 2008 as to whether or not it desired to proceed with a separate review for "any occupation" benefits and offered to provide any information required for that purpose. On April 12, 2011, Ms. Kroll's counsel wrote to counsel for the Plan again requesting information from the plan as to any information it needed to process the "any occupation" claim. On April 21, 2011. Ms. Kroll, again through her counsel, emailed counsel for the plan and requested any forms which the plan needed to be completed for the "any occupation" review, and noted that the time for Metlife to complete the "any

occupation" review would be 45 days from the entry of the Court's order granting Ms. Kroll's motion for summary judgment on March 31, 2011. That order established Ms. Kroll's right to "own occupation" benefits, and therefore made the issue of "any occupation" benefits ripe for determination even if the plan had not evaluated the issue prior. In order to provide information to the plan to evaluate the claim, and in the absence of the plan providing any forms for Ms. Kroll to complete, on June 2, 2011, Ms. Kroll, through her counsel, forwarded 966 pages of updated medical records from Kaiser for Metlife to consider in connection with its evaluation of "any occupation" benefits. Ms. Kroll's counsel subsequently also forwarded a statement explaining why she is unable to work in any occupation. The plan has not (1) provided any comment or evaluation on any of the material supplied by Ms. Kroll (2) provided any forms to be completed (3) requested an extension of time and (4) the plan has not made any determination on the claim. The time for the plan to do so has expired, and Ms. Kroll has therefore exhausted her administrative remedies.

8. Defendants have not made a determination on the "any occupation" benefits and the time to do so has passed. At all times relevant hereto, Ms. Kroll was disabled and she remains disabled as defined by the Plan.

9. Ms. Kroll has been compelled to retain counsel to collect the benefits owed, and is entitled to reasonable attorneys fees under ERISA in an amount dependent upon the extent of litigation required and estimated at $150,000 through trial.

Wherefore, Ms. Kroll prays for relief as set forth below.

**Second Claim for Relief - California Insurance Code 10111.2**

10. Ms. Kroll incorporates the allegations of the first claim for relief as if there were set forth here in full.

Complaint                                           3

11. Under California Insurance Code 10111.2, Ms. Kroll is entitled to a payment at the rate of 10% per annum for each disability payment due her under the insurance policy issued by Metropolitan Life Insurance Company to the Plan which is made more than 30 days after it is due.

12. "Any Occupation" payments should have continued under the policy of insurance and are due from August 7, 2008. The 10% interest is due on all payments which were due to be made after that date.

Wherefore, Ms. Kroll prays for relief as set forth below:

**Prayer for Relief**

Wherefore, Ms. Kroll prays for relief as follows:

1. For benefits due according to proof, together with prejudgment interest in an amount to be determined in the discretion of the Court, or at 10% per annum, counpounded monthly.

2. For prejudgment interest according to proof, or at 10% per annum, compounded monthly, as provided under California Insurance Code Section 10111.2;

3. For court costs and attorneys fees according to proof; and

4. For such other and further relief as the court deems just and proper.

Dated: August 4, 2011

Laurence F. Padway
Attorney for Cinda Kroll, plaintiff

**Complaint** 4