1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    CINDA KROLL,

10              Plaintiff,                         No. C 11-03863 JSW

11        v.

12   KAISER FOUNDATION HEALTH PLAN        **ORDER GRANTING**
     LONG TERM DISABILITY PLAN and        **PLAINTIFF'S MOTION FOR**
13   METROPOLITAN LIFE INSURANCE          **AWARD OF BENEFITS,**
     COMPANY,                             **JUDGMENT AND PRE-**
14                                        **JUDGMENT INTEREST**
              Defendants.
15

16   _____/

17

18

19        Now before the Court is the motion by plaintiff Cinda Kroll ("Plaintiff") for an award of

20   benefits, judgment and prejudgment interest.  This motion is fully briefed and is ripe for

21   decision.  Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for

22   decision without oral argument and is deemed submitted.  *See* N.D. Civ. L.R. 7-1(b).

23   Accordingly, the hearing set for June 29, 2012 is HEREBY VACATED.   Having carefully

24   reviewed the parties' papers and considering their arguments and the relevant authority, and

25   good cause appearing, the Court hereby grants Plaintiff's motion.

26   defendants Kaiser Foundation Health Plan Long Term Disability Plan (the "Plan") and

27   Metropolitan Life Insurance Company ("MetLife") (collectively, "Defendants")

28        Plaintiff seeks an award in the amount of $78,666.40 for the time period from August 7,

     2008 through February 29, 2012.  Plaintiff further seeks an order declaring her to be disabled

**United States District Court**
For the Northern District of California

from working in "any occupation" and is entitled to monthly benefits due under the Plan for as long as she remains disabled or until she reaches the maximum age for benefits. Defendants Kaiser Foundation Health Plan Long Term Disability Plan (the "Plan") and Metropolitan Life Insurance Company ("MetLife") (collectively, "Defendants") do not dispute that Plaintiff shall have her disability benefits reinstated. Nor do they dispute that Plaintiff is entitled to $78,666.40 in back benefits. Accordingly, the Court grants Plaintiff's motion on these grounds

Plaintiff further seeks to recover prejudgment interest at the rate 10 percent, compounded monthly, amounting to $18,540.18. The Court may award prejudgment interest on an award of ERISA benefits at its discretion. *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007); *see also Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). "Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.'" *Blankenship*, 486 F.3d at 628 (quoting *Grosz-Salomon v. Paul Revere Life Ins., Co.*, 237 F.3d 1154, 1164 (2001)). The Ninth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blanton,* 813 F.2d at 1576. The Court "may compensate a plaintiff for "the losses he incurred as a result of [the defendant's] nonpayment of benefits." *Blankenship*, 486 F.3d at 628 (internal cite and quotation marks omitted) (affirming award of 10.01 interest rate to compensate plaintiff for lost investment opportunities and to adequately compensate for the defendant's wrongful nonpayment of benefits); *see also Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1039-40 (N.D. Cal. 2011) (awarding interest rate of 5 percent based on the equities); *Castell v. Metropolitan Life Ins. Co.*, 2012 WL 986625, *2 (N.D. Cal. 2012) (awarding ten percent based on the equities of that case).

Here, Defendants have wrongfully withheld disability benefits from Plaintiff for a substantial period of time - almost five years. Due to the withholding of benefits, Plaintiff has not been able to maintain her home. As of April 2011, the master bathroom in her trailer was unusable for two years because both the toilet and the sink had leaks. The leaks, in turn, have

**United States District Court**
For the Northern District of California

caused a substantial amount of rotting and Plaintiff did not have the funds to pay for repairs. Her trailer also needs to be painted but Plaintiff could not afford to do so.  Additionally, Plaintiff's oven has not worked for over two years as of April 2011 and she has not been able to afford to repair or replace it.  Moreover, due to Defendants' wrongful withholding of disability benefits, Plaintiff has been limited in her ability to travel to visit her children.  The Court finds that awarding prejudgment interest at the current low rate prescribed by 28 U.S.C. § 1961 would not compensate Plaintiff for these losses.  The Court determines that the equities here warrant an award of prejudgment interest at the rate of ten percent, compounded monthly, amounting to $18,540.18.

Lastly, Plaintiff seeks the Court to enter judgment.  Defendants do not dispute that Plaintiff is entitled to judgment in her favor, but rather, argue that a formal judgment is not necessary or appropriate because Defendants have already agreed to reinstate benefits and to pay back benefits.  The Court disagrees, and thus, will enter judgment in Plaintiff's favor. Accordingly, the Court GRANTS Plaintiff's motion in full.  The Court will issue a separate judgment.

**IT IS SO ORDERED.**

Dated: June 27, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3